May it please the Court, Laura Graeser for Mr. Malimon. I have nothing to add to my brief. My argument is essentially that this was applied prematurely. Well, let me, I got a couple questions for you. First of all, what's the standard of review? Because as I understand it, your client and his attorney stood moot when the government and the Court had this colloquy about, well, the two-level reduction is going to come into play in a few months. Let's give them the benefit now. And they said, is that acquiescence? Are we looking at a plein air review in this case? I think the Court made an error of law by applying an amendment that was not applicable. Well, I can tell you that if you're correct, there are hundreds of district court judges across the country who are making that error of law. And if we adopt the rule that you advocate for, I think it will be to the detriment of hundreds of defendants. Because when they announce an amendment change, they do not necessarily make the decision as to whether it's going to be retroactive until after it becomes effective on November 1. So defendants who are getting the benefit of the two-level reduction will not be getting that benefit. They'll be sitting in local detention facilities waiting until November 1, hoping they get the benefit. I mean, the practical result of what you want here is terrible for the criminal defense bar. First of all, I'd like to say I'd like to reserve time for rebuttal, because my opposing counsel was courteous enough to say that she has an argument that helps my client, that she explained to me this morning very briefly, and I'd like a chance to respond to it or endorse it. Okay. Well, if it's helpful, you may not want to have much of a response. Indeed. Okay. But to answer your question, you know, I represent one individual. I'm not here as to — I mean, maybe this will hurt other criminal defendants, but, you know, the way that we do it is case by case. I understand that. I'm just telling you, but I — all I'm saying is when you said there was an error of law, they — I mean, this is done all the time. Now, that doesn't mean it's right. Sometimes we do things all the time that we later decide are not legal to do. But it's a common practice, because defendants want to get out of the county jail or whatever the detention facility is, get on to serving their time, and no defendant ever wants to say, don't give me a two-level reduction. I'm going to, you know — My client believes the sentencing transcript, the actual details of it, are not an issue in the appeal, but there were some fairly inflammatory facts about his life before he was arrested. He would like an opportunity to go back to court and, again, explain that he is a changed man, and he can do that if the law was applied the way that I submit it was designed to be applied, and that is he comes in later and has an opportunity for a resentencing. Let me ask it this way. Let's assume that we did not have this anticipatory application of Amendment 782. 782 was in effect. He got the reduction based on 782. He was sentenced to the sentence he got. And then he behaves very well in jail for the next two or three years. Would he be entitled to come back to ask for resentencing based on his good behavior in jail? I don't believe so. I think this is, in a way, a windfall. Yeah, yeah. That's to say, if it had been done properly, he wouldn't be allowed to make this argument. You get your sentence. You get your sentence. And your reward for behaving well in jail is you get good time. I appreciate there's some irony in my argument. My client believes strongly in it. Yeah. But in your client's case, the facts aren't really all that strong in your client's case because he had been in jail for several years, hadn't he? Yes. So he had plenty of time to demonstrate his rehabilitation. So you're basically saying he's in jail, I think it was, four years. And what you're saying is he couldn't show after four years of good conduct that he had been rehabilitated, but if we waited three or four months, he could have. It's a different judge. I mean, there are a number of windfall-like factors in this. Things change. He would like another opportunity to explain the thing that he has continued to. He's a young man, and the fact that there's been a long period of post-arrest rehabilitation is, we believe, something the judge shall move on to hear. Again, this is individualistic, and it doesn't go to the legal question you're arguing. I think his scheduled release date is April of this coming year. Is that right? 19. Oh, of this coming year. So that is to say, oh, no, I see. It's a year and a half. Got it. Okay. I will reserve my time for rebuttal. Okay. Let's hear from the other side. Yeah. Good morning, and may it please the Court. Kelly Zusman appearing on behalf of the United States. At the outset, I'd like to clarify that our position is that Judge Simon got it right, and that is that this defendant has essentially attacked his original sentence, and, in fact, he has asked this Court to direct the district court to go back and add the two levels back in. And under 3582C and the Supreme Court's decision in Dillon, that can't happen. So I think Dillon squarely precludes the argument that he has raised with this appeal, which is — I don't think that's exactly his argument. I think his argument is that what he got was either a departure or a variance, and, therefore, he should get two levels off of that departure or variance. And if I may, I think more precisely what he said is that the district judge lacked jurisdiction at his original sentencing to make this two-level departure or variance. I do think that it's probably properly characterized as a departure or a variance because I'm not quite sure where else to put it. But that said, I think where we got off track and where Judge Simon got off track because of the way the parties advanced this argument is that Mr. Malamon, his original guideline, the applicable guideline range, was a 32-2, and that was 121 to 151 months. And Application Note 1A to 1B1.10 says that when you're looking at eligibility for reduction based upon a retroactive guideline amendment, you look at the guideline range, the applicable guideline range, without any departures or variances. So for purposes of our analysis, our starting point for our X-axis, if you will, was 121 to 151. Now, he received a variance down to the 97 to 121-month range, and he received a 121-month sentence. Now, when we look at 782 and 3582C, the statute directs that you then determine the applicable guideline range applying the new guideline. And here, that's 97 to 121. So I think where we all got off track in terms of the eligibility question was in comparing 97 to 121 to 97 to 121, which was the sentence with the variance. So if we compare 97 to 121 to the original sentence without the variance, then it is, in fact, lower. 782 does lower his advisory guideline range, which then makes him eligible. Now, we would argue that Judge Hagerty, when he was initially presented with this, said, I already gave it to you, so you don't get more. I think that's more of a discretionary call than an eligibility call. So we would agree that because the term of imprisonment that was imposed, 121, is higher than the low end of the new advisory guideline range, he is technically eligible to ask for the court to consider a reduction. And 3582C, unlike 2255, there are no time limitations. There are no numerical limitations. So there's nothing to prevent Mr. Malamon from returning to the court and raising what I think is really the correct argument, which is my 782 guideline is lower than my original guideline. And so, therefore, judge, exercise your discretion to consider whether I should receive a further reduction in light of my post-defense rehabilitation. And we would argue that he shouldn't for all of the reasons that have been identified. He received the benefit of the new rule. He presented a robust rationale for post-defense rehabilitation at his original sentencing that the judge disagreed with. But ultimately, that's going to be the discretionary question as opposed to the eligibility question. So my suggestion to this Court is that you affirm Judge Simon because he correctly rejected this jurisdictional attack on the original sentence, but with the caveat that we agree that for eligibility purposes, there's nothing to preclude Mr. Malamon from coming back to Judge Simon and asking him to exercise his discretion. But Judge Simon didn't exercise any discretion. He just rejected it out of hand. That's correct. And in part, that was because he was presented. But if that's so, that's contrary to what you said that Judge Simon should have done. Right. But Judge Simon was never asked to determine eligibility based upon these two variant applicable guideline ranges. Judge Simon was presented with both parties agreeing that the applicable guideline ranges were the same, 97-121, 97-121. So that's why I don't believe Judge Simon was ever fairly presented with this question that I'm raising, which is as to eligibility, I think ultimately he's right, just not for the reason that he's advanced here with this appeal. Now, let me spin this out then. Are you saying that we can — that Mr. Malamon can make another motion then and go back to Judge Simon and say, you know, you actually have discretion to reduce my sentence? That's correct. That's the argument you're making? That's the argument that I would make. And the United States would not oppose that. We would not oppose him saying, I'm eligible. Now, we would oppose — we would argue that the Court should not exercise its discretion to make the reduction. But if he were to file a new motion saying, I'm eligible for this reason, we would agree. And then your position would be that one of the reasons the district court could exercise its discretion not to grant a further reduction is because they already gave him the two-level reduction? That's correct. And that's within the discretion of the district court? Absolutely. And within the discretion of the district judge to say, I can see your good behavior in prison, but sorry, that doesn't convince me to lower the sentence. Yes. But you then would concede that Mr. Mallon has the right to go back to — you know, probably back to Judge Simon and say, you have the discretion to consider my post-imprisonment conduct. That is accurate. Okay. Unless there are further questions, we would submit. Okay. Thank you. I don't think you need to rebut that one. Don't snatch defeat from the jaws of victory. No. I'm hoping not to. If what Ms. Lussman says is correct, then it's plain error. And if the Court had discretion to do something but didn't believe he had discretion, then this Court should remand to him rather than affirm and, as my opponent is suggesting, affirm and let him go forward. Okay. It's plain error. Thank you. Thank you. Thank both sides for the argument. United States v. Malamon to submit it for decision.
judges: Fernandez, W. Fletcher, Melloy